IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Lucas A. Moore, | ) | |
| | ) | Civil Action Number 3:22-cv-01273-SAL |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | **Remanding to State Court** |
| Jahmaine Martez Fomby, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff Lucas A. Moore's Amended Motion for Remand to the Richland County Court of Common Pleas, asserting, among other things, "because Liberty Mutual is not a named Defendant, it lacks authority to remove the case." [ECF No. 7 at 1.] Liberty Mutual Insurance Company filed a Response in Opposition to Moore's Amended Motion to Remand, arguing that they "can and, in the interests of justice, should be permitted to remove this matter to federal court." [ECF No. 9 at 4.] Plaintiff filed a Reply in Support of his Motion for Remand, reiterating his position that Liberty Mutual "has no right to remove the case." [ECF No. 10 at 1.]

The Court entered a Conference and Scheduling Order pursuant to Rule 26(f), Fed. R. Civ. P., ECF No. 12, to which the parties replied with a Consent Motion to Stay Pending Deadlines Subject to Moore's Motion to Remand, ECF No. 13, which the court granted, ECF No. 15. The matter is now ready for ruling.

**I.      Background and Procedural History**

On June 8, 2020, Moore was travelling north on Interstate 85 when Jahmaine Martez Fomby, who was also traveling north on Interstate 85, lost control of his vehicle, striking the guardrail and rebounding in front of Moore's vehicle. [ECF No. 1-3 at 3.] This caused Moore to strike the passenger side of Fomby's vehicle. *Id.* Moore's vehicle then traveled off the roadway and struck the cable barrier. *Id.* Upon information and belief, Fomby is a citizen of Texas and was uninsured at the time of the accident. *Id.* at 2.

Moore sued in Richland County on October 8, 2021, naming both Fomby and Liberty Mutual as defendants. *Id.* at 1. Moore subsequently filed a Stipulation of Dismissal Without Prejudice as to Liberty

Mutual, leaving Fomby as the only named defendant in the state court action. *Id.* at 12. Liberty Mutual then filed its Notice of Removal, ECF No. 1, based on diversity of the parties.

## II.     Legal Standard

An action may be removed from state court to federal court if it is one over which the district court would have original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). A party seeking to remove a matter to federal court carries the burden of establishing federal jurisdiction. *See Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

Federal courts are courts of limited jurisdiction and may only exercise authority conferred by Article III of the Constitution and affirmatively granted by federal statute. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). The party seeking to invoke the court's jurisdiction after removing a case from state to federal court has the burden of proving jurisdiction upon a Plaintiff's motion to remand. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004) (*quoting Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994)). Removal jurisdiction is construed strictly because of significant federalism concerns. *Id*. at 816. If federal jurisdiction is in doubt, a remand to state court is necessary. *Id.*

## III.     Discussion

Section 1441 of Title 28 states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction [] may be removed by the defendant or defendants[.]" 28 U.S.C. § 1441(a). Plaintiff moves to remand "[b]ecause Liberty Mutual is not a named defendant, [and] it lacks authority to remove the case." [ECF No. 7 at 1.] Based on the facts and law as stated below, the court agrees with Plaintiff and remands this case to the Richland County Court of Common Pleas.

A case filed in state court may be removed to federal court only by "the defendant or the defendants." 28 U.S.C. § 1441(a). A non-party, even one that claims to be the proper party in interest, is not a defendant and lacks authority to remove a case. *See, e.g.*, *Hickman v. Hinson*, No. 2:12-cv-03160-DCN, 2013 WL 375230 (D.S.C. Jan. 31, 2013); *Dean v. Roberts*, No. 09-50, 2009 WL 2913617, at *1 n. 1 (N.D. W. Va. Sept. 8, 2009); *Am. Home Assurance Co. v. RJR Nabisco Holdings Corp.*, 70 F. Supp. 2d 296 (S.D.N.Y. 1999).

To support his position, Moore cites decisions by other courts in this district which hold that only named defendants may remove a case from state court. [ECF No. 7 at 1-2.] Liberty Mutual argues these cases are persuasive only and emphasizes Plaintiff has not cited controlling authority requiring this court to remand the matter. [ECF No. 9 at 6.] Liberty Mutual also differentiates this case from the cases Plaintiff relies on because those cases involved underinsured motorist (UIM) policy carriers whereas Liberty Mutual is an uninsured motorist (UM) policy carrier and is governed by a different South Carolina statute. [ECF No. 9 at 5.]

This court follows the decisions of other courts in this district and finds the matter should be remanded to state court. The court also finds 28 U.S.C. § 1441(a) is just as applicable to UM carriers as it is to UIM carriers in South Carolina despite the fact they are governed by different state statutes.

### A.  Remand by District Courts in South Carolina

District courts in South Carolina consistently remand cases in which insurance companies that are not named defendants remove the case to federal court. In *Hickman v. Hinson*, C/A No. 2:12-cv-03160-DCN, 2013 WL 375230 (D.S.C. Jan. 31, 2013), a UIM carrier removed an auto wreck case from South Carolina state court to federal district court in South Carolina. *Id.* at *1. Plaintiff moved to remand on the grounds the case was not timely removed because more than thirty days

had passed since Hinson, the named defendant, was served. *Id.* The UIM carrier asked the district court to find carriers have a statutory right of removal because S.C. Code Ann. § 38-77-160 requires a plaintiff to serve the summons and complaint on the UIM carrier as a precondition to recover UIM benefits. *Id.* Plaintiff responded that removal was improper because federal jurisdiction is determined by federal and not state law, and under federal law defendant did not timely remove the case. *Id.* The district court agreed that federal law governs the right of removal and declined to find that S.C. Code § 38-77-160 gives UIM carriers the right to remove cases to federal court. *Id.* at *2. The *Hickman* court cited 28 U.S.C. §§ 1441 and 1446(a), which grants removal authority "to the *named defendant or defendants* in an action." *Id*. at * 2 (emphasis in original).

*Sizemore-Love v. Farmer*, C/A No. 1:13-cv-03041-JMC, 2014 WL 4056267 (D.S.C. Aug. 13, 2014) also involved an unnamed UIM carrier removing a case to federal court based on S.C. Code Ann. § 38-77-160. *Id*. at *1. The UIM carrier argued that because S.C. Code Ann. § 38-77-160 allows defendants to assume control of the case, the statute necessarily allows the carrier to remove the case to federal court. *Id*. The court found the state statute did not grant UIM carriers the right of removal, but, even if it did, that right is governed by federal and not state law. *Id*. The *Sizemore-Love* court relied on 28 U.S.C. §§ 1441 and 1446(a) as well as the *Hickman* case in holding "since [the UIM carrier] is not a named party in the instant matter, it likewise lacks removal authority." *Id*. at *3.

In *Brown v. Doe*, C/A No. 0:17-cv-02333-MBS, 2018 WL 316714 (D.S.C. Jan. 8, 2018), a more recent case, unnamed UIM carriers argued that, because S.C. Code Ann. § 38-77-160 gave them a right to appear on behalf of the named defendant, the statute also granted them the right to remove the action to federal court. *Id*. at *3. The district court once again rejected this argument

4

and found the UIM carriers lacked authority to remove because they were not named defendants. *Id*. at *4 (*citing Hickman* and *Sizemore-Love, supra*).

As shown by the cases above, courts in this district do not allow unnamed UIM carriers to remove cases based on S.C. Code Ann. § 38-77-160. Liberty Mutual tries to differentiate this case from the preceding cases on the ground that they are an Uninsured Motorist (UM) carrier, not an UIM carrier, and are governed by S.C. Code Ann. § 38-77-150, not § 38-77-160. [ECF No. 9 at 5.] However, the language granting insurers the right to appear and defend on behalf of the named defendant is the same in both statutes.[1] Furthermore, even if S.C. Code Ann. § 38-77-150 did grant UM carriers the right to remove cases from state court, removal is governed by federal law, and a state statute could not confer removal authority in federal court. *See, e.g.*, *Hickman*, 2013 WL 375230, at *2.

Liberty Mutual makes also argues that because Plaintiff failed to properly serve Fomby, the named defendant, as required by South Carolina law, they have the authority to remove the case to federal court. The court finds this line of argument unpersuasive.

This case was improperly removed, and the matter is **REMANDED** to the state court.

**IT IS SO ORDERED**.

/s/ Sherri A. Lydon
United States District Judge

January 11, 2023
Columbia, South Carolina

---

[1] The pertinent language in both statutes, respectively, is "The insurer has the right to appear and defend in the name of the [uninsured] [underinsured] motorist in any action which may affect its liability and has thirty days after service of process on it in which to appear." S.C. Code Ann. § 38-77-150, 160. *See Brown v. Doe*, 2018 WL 316714, at *3 (D.S.C. Jan. 8, 2018).